

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

In re:

Nazario O. Chavez

Debtor(s)

Case No: 98-28812
Chapter 13

## APPLICATION FOR UNCLAIMED FUNDS

The claimant, Dilks & Knopik, LLC, attorney-in-fact for Chevy Chase Bank, creditor, hereby petitions the Court for $426.13, which is the sum of all monies being held in the Registry of the Clerk, United States Bankruptcy Court, as unclaimed funds, which are due to creditor.

The creditor did not receive the dividend check in the above case for the following reason:

Chevy Chase Bank's credit card operation (which is located in Frederick, MD) was purchased by First USA, which is a Bank One Corporation company, as evidenced by exhibits A, B, C, & D. Bank One, NA is acting on behalf of its top holder, Bank One Corporation (as evidenced by exhibit E), for the collection of these funds.

The claimant's current mailing address is:

| Chevy Chase Bank |
| C/o Dilks & Knopik, LLC |
| PO Box 502 |
| Redmond, WA 98073-0502 |
| (425) 836-5728 |

Dated: MAR 3 0 2004

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC

A COPY OF A PHOTO IDENTIFICATION CARD SHOWING PETITIONER'S & CREDITOR'S SIGNATURE IS REQUIRED.
Rev. 1/00

1



9828812D25

**WASHINGTON** *DRIVER LICENSE*
LIC # DILKSBJ223QQ    EXP 11-18-2007
DILKS, BRIAN JACOB
22433 NE MARKETPLACE DR O-1109
REDMOND WA 98053
CDL    END    RES: C
SEX    HT    WT    EYES
M    5-07    130    BLU
ISSUE DATE 07-31-2002
DOB 11-18-1978

## LIMITED POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**, that I, **Horst Kniesel**, First Vice President of Bank One Corporation **("Bank One, NA")**, acting on behalf of Bank One hereby appoint **Dilks & Knopik, LLC**, in the person of one of its principal officers, as Bank One's lawful attorney-in-fact to seek recovery of the undistributed, unclaimed, or undelivered tenders of funds of:

**CHEVY CHASE BANK** in the amount of **$426.13** located in the state of **UTAH, CASE # 98-28812,**

Held by the United States, by a state, or by an agency or instrumentality of either, hereby revoking all previous powers of attorney in this regard to whomever granted.

Bank One further grants the attorney authority to do whatever is necessary and proper to recover the aforementioned unclaimed funds only, as fully as it might or could do if acting through its own officers or agents, hereby confirming all that the attorney shall lawfully do or cause to be done. Nevertheless, the attorney shall have no authority to incur any financial obligation or make any expenditure on behalf of Bank One, other than an expenditure payable from any sums recovered by virtue of the attorney's actions.

In construing this instrument where the context so requires, the singular includes the plural. This Power of Attorney shall expire 180 days from the date hereof or upon collection of the aforementioned unclaimed funds, if earlier, unless otherwise extended by an amendment which is attached hereto.

Signed this _____ day of __MAR 1 6 2004__, 2004

**Bank One, NA**

*/s/ Horst M. Kniesel/*

**Horst Kniesel,**
**First Vice President**

Chevy Chase Bank
C/O BANK ONE
**Federal Tax ID: 31-0738296**

State of ILLINOIS, County of COOK, __17 March__, 2004

The above named <u>Horst Kniesel</u>, known to me to be the individual described in [and holding the position designated in] the foregoing instrument, appeared before me and acknowledged the execution thereof to be his/her free act and deed.

Before me: */s/ Deborah M Rochel/*
Notary Public

(Notary Seal)    My Commission expires: __1-17-05__

H:/Neat/Unclaimed Property/Forms In Use/Limited Power of Attorney



Jesse White - Secretary of State



**DRIVERS LICENSE**

HORST M KNIESEL

Birthdate 03-06-41   SS#
Male     5'11"  180 lbs    BRN Eyes
Restrictions      Type    Class
                  ORG     D







Horst M. Kniesel
First Vice President

**Bank One, Illinois, NA**
**ONE N.E.A.T.**
Mail Code IL1-0302
1 Bank One Plaza
Chicago, IL 60670-0302
*tel* 312 407 3321
*fax* 312 407 4533
horst_m_kniesel@bankone.com

Office Location
1 North Dearborn Street
6th Floor
Chicago, IL 60670

CERTIFICATE OF
BANK ONE, NATIONAL ASSOCIATION

I, Laurence Goldman, DO HEREBY CERTIFY that I am a duly elected and qualified Assistant Cashier of Bank One, National Association, a national banking association duly organized and existing under the laws of the United States of America, and that set forth below is a true and correct copy of Article IX. Section 1. of the By-Laws of said Association, as amended, and that said By-Laws have not been further amended or repealed and are in full force and effect.

ARTICLE IX

CONTRACTS, CERTIFICATES OF DEPOSIT AND NOTES

SECTION 1. **Execution of Contracts.** Any officer of the bank and such other persons as may be authorized by the Board of Directors are severally and respectively authorized to execute documents and to take action in the Bank's name in connection with any and all transactions conducted in the ordinary course of business of the Bank.

I DO HEREBY FURTHER CERTIFY that the individual named below is as of the date hereof, a duly elected, qualified and acting officer of the Association, holding the office set opposite his name.

| Name | Office |
|---|---|
| Horst M. Kniesel | First Vice President |

IN WITNESS WHEREOF, I have subscribed my name and affixed the seal of this Association this 21st day of May, 2002.

_Laurence Goldman_
Laurence Goldman

## AFFIDAVIT OF CREDITOR'S
## PREVIOUS ADDRESS

**BE IT ACKNOWLEDGED**, that I Horst Kniesel, the undersigned deponent, belonging to the legal age, do hereby depose and say under the pains and penalties of perjury as follows:

That I, Horst Kniesel am the First Vice President of Bank One, NA. My responsibilities include, but are not limited to, the recovery and/or collection of outstanding checks and receivables of Bank One, NA and it's subsidiaries/acquisitions. Bank One, NA and it's subsidiaries/acquisitions have numerous branch addresses, business locations, and payment centers. The addresses of which change and/or are eliminated over time.

For this reason, it is overly burdensome, and may be impossible, to provide documentation to verify the specific address of record.

I affirm that the foregoing is true, under the penalties of perjury this _4_ day of _August_, 20_03_

_[signature]_

**Horst Kniesel**
First Vice President
Bank One, NA
1 Bank One Plaza
Mail Code: IL1-0302
Chicago, IL 60670-0302

---

STATE OF ILLINOIS

COUNTY OF COOK

On this _4_ day of _August_, 20_03_ before me _Jane Daniel_ Horst M. Kniesel personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the with in instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

_[signature]_  Affiant: Known _X_ or Produced ID _____
Signature        Type of ID _____

My commission expires: _1-17-2005_

```
OFFICIAL SEAL
DEBORAH M. ROCHEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-17-2005
```

**BANK ONE**

August 04, 2003

Log in | ATM/Branch Locator | Calculators | Help Center | Contact Us | Privacy Policy | Terms of Use

Home    Your Accounts    Bank One for You    Bank One for Your Business

About Bank One    Careers    Investor Relations    Research & Education

About Bank One > Press Releases > All Press Releases >

# First USA Purchases $4.9 Billion Credit Card Operation, Signs Agent Bank Agreement With Chevy Chase Bank

WILMINGTON, Del.--September 3, 1998--First USA, a BANC ONE CORPORATION (NYSE:ONE) company, announced today it has purchased the credit card operation of Chevy Chase Bank, FSB.

The portfolio includes $4.9 billion in managed credit card loans and 3.1 million Visa and MasterCard credit card accounts.

In connection with the transaction, 1,300 Chevy Chase Bank credit card employees and the company's credit card facilities in Frederick, Md., will become part of First USA. In addition, First USA and Chevy Chase Bank have entered into an agent bank agreement in which First USA will offer its credit card products to Chevy Chase customers under the Chevy Chase Bank name.

First USA also will assume responsibility for Chevy Chase Bank's partnership programs, including Giant Foodstores, the National Association of Female Executives, the Rolling Stones, Black Entertainment Television (BET), and The National Zoo.

"This portfolio purchase is consistent with our strategic plan to capitalize on consolidation in the credit card industry," jointly commented Richard W. Vague, chairman and chief executive officer, and Randy L. Christofferson, president. "In today's highly competitive credit card environment, many issuers are finding it difficult to consistently maintain the level of financial commitment to marketing and technology that is required for long-term success. The structure of this transaction enables Chevy Chase Bank to sell its credit card operation yet maintain a strong credit card marketing presence among its customers and in its local markets. We are pleased to acquire the Chevy Chase Bank portfolio, and we look forward to applying First USA's marketing and account management skills to this important customer base."

Vague and Christofferson said First USA continues to emphasize direct marketing as its primary source of growth but regularly considers opportunities for portfolio acquisitions as market conditions allow.

Vague and Christofferson said First USA intends to retain Chevy Chase Bank's employees and facilities, which are situated in a dedicated 49-acre office park.

First USA (www.firstusa.com), a subsidiary of BANC ONE CORPORATION, is a financial services company specializing in the credit card business and is among the largest providers of Visa and MasterCard credit cards in the nation. First USA has approximately 43 million credit cards issued and $41.6 billion in managed credit card loans.

**EXHIBIT**
A

© BANK ONE CORPORATION 2002. All rights reserved.

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (the "Agreement"), dated as of September 30, 1998, is by and among Chevy Chase Bank, F.S.B., a federally chartered stock savings bank ("Bank"), CCB Holding Corporation, a Delaware corporation and wholly owned subsidiary of the Bank ("CCBH" and, together with the Bank, the "Assignors") and First USA Bank, N.A., a nationally chartered banking association ("Assignee").

Pursuant to Section 2.1 of the Purchase and Sale Agreement, dated as of September 2, 1998, as amended (the "Purchase Agreement"), by and among the Assignors and the Assignee, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignors do hereby assign, transfer, convey and deliver unto Assignee, all of their right, title and interest in and to those certain assets which are set forth on Exhibit A attached hereto and incorporated herein (the "Assigned Assets"), and Assignee does hereby accept such assignment from the Assignors and agrees to assume and to pay, discharge and perform when due all Liabilities, duties and obligations of Assignors related to the Assigned Assets (the "Assumed Liabilities") as more specifically set forth on Exhibit B attached hereto and incorporated herein.

Assignors hereby covenant and agree to and with Assignee, its successors and assigns, to do, execute, acknowledge and deliver, or to cause to be done, executed, acknowledged and delivered, to Assignee, its successors and assigns, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances that may be reasonably requested by Assignee for the assigning, transferring, conveying, delivering, assuring and confirming, to Assignee, its successors or assigns, or for aiding and assisting in collecting or reducing to possession, any or all of the Assigned Assets.

Assignee hereby covenants and agrees to and with the Assignors, their successors and assigns, to do, execute, acknowledge and deliver, or to cause to be done, executed, acknowledged and delivered, to Assignors, their successors and assigns, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances that may be reasonably requested by Assignors to accomplish the release, discharge, and payment when due of the Assumed Liabilities as contemplated herein.

This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, regardless of the laws that might otherwise govern under applicable principles of conflicts of law thereof.

This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

This Agreement is executed pursuant to the Purchase Agreement and is entitled to the benefits and subject to the provisions thereof and shall bind and inure to the benefit of the parties

---

PURCHASE AND SALE AGREEMENT

by and among

CHEVY CHASE BANK, F.S.B.

CCB HOLDING CORPORATION

AND

FIRST USA BANK, N.A.

September 2, 1998

EXHIBIT B

## EXHIBIT A
## ASSIGNED ASSETS

All right, title and interest of the Assignors in and to the following:

1. all of the Bank's Accounts and the Related Receivables (including any and all rights to receive payment for accrued but not yet billed interest, fees and other charges on the Accounts);

2. the Customer Base of the Accounts;

3. the Credit Cards and all Account Documentation relating to the Accounts;

4. all of the Bank's rights pursuant to the Cardholder Agreements governing the Accounts and the related Credit Cards;

5. any and all Card Applications for which no credit decision has been communicated to the applicant;

6. any and all periodic statements, plastics, application forms and other supplies held in inventory by or for the Bank that relate to the Accounts;

7. all Interchange Fees that relate to the Accounts earned after the Closing Date.

---

and their respective successors and assigns. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Purchase Agreement.

IN WITNESS WHEREOF, the Assignors and Assignees have caused this Agreement to be duly executed and delivered this 30th day of September 1998.

ASSIGNORS:    CHEVY CHASE BANK, F.S.B.

By _____
Name: _____
Its: _____

CCB HOLDING CORPORATION

By _____
Name: _____
Its: _____

ASSIGNEE:    FIRST USA BANK, N.A.

By _____
Name: _____
Its: _____

and their respective successors and assigns. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Purchase Agreement.

IN WITNESS WHEREOF, the Assignors and Assignee have caused this Agreement to be duly executed and delivered this 30th day of September 1998.

ASSIGNORS:

CHEVY CHASE BANK, F.S.B.

By: _____
Name:
Its:

CCB HOLDING CORPORATION

By: _____
Name: JESSICA L. PARKER
Its: PRESIDENT

ASSIGNEE:

FIRST USA BANK, N.A.

By: _____
Name:
Its:

---

EXHIBIT B
ASSUMED LIABILITIES

1. Except as provided in the Interim Servicing Agreement, all expenses directly related to the Accounts and activity thereon;

2. all obligations of the Sellers arising after the Closing Date to Cardholders or to perform under the Cardholder Agreements;

3. the obligation to make payments to the Sellers equal to any amounts payable by the Sellers to the applicable Service Provider based on daily settlements calculated by such Service Provider related to activity in the Accounts after the Closing Date to perform under the applicable Operating Regulations with respect to the Purchased Assets after the Closing Date;

4. subject to the provision of fees set forth in Section 9.9 of the Purchase Agreement, all fees, normal operating assessments and other charges of the Governing Organizations arising after the Closing Date;

5. all of the obligations of the Sellers arising after the Closing Date to perform under the applicable Operation Regulations with respect to the Purchased Assets;

6. all obligations of the Bank under its CashRewards®, PurchaseRewards®, BonusRewards® and PaymentRewards programs and rebates and any other obligations relating to Affinity Agreements, including all obligations to pay rebates or provide other awards to cardholders;

7. all payment obligations for services actually provided to Purchaser under the Service Provider contracts, subject to the Bank's repayment obligations under Section 5.23 of the Purchaser Agreement, provided, however, that Purchaser shall not be responsible for any termination fees associated with the Service Provider contracts;

8. all contractual liabilities related to the Transferred Employees relating to periods on and after the Closing Date, including salaries, benefits and other costs.

## BILL OF SALE

Pursuant to the Purchase and Sale Agreement, dated as of September 2, 1998, as amended (the "Agreement"), by and among Chevy Chase Bank, F.S.B., a federally chartered stock savings bank (the "Bank"), CCB Holding Corporation, a Delaware corporation and wholly owned subsidiary of the Bank ("CCBH" and, together with the Bank, the "Sellers") and First USA Bank, N.A., a nationally chartered banking association ("Purchaser"), and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Sellers do hereby sell, transfer, convey and deliver unto Purchaser all of their right, title and interest in and to those certain assets set forth on Exhibit A attached hereto and incorporated herein (the "Tangible Assets").

Sellers hereby covenant and agree to and with Purchaser, its successors and assigns, to do, execute, acknowledge and deliver, or to cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances that may be reasonably requested by Purchaser for the selling, transferring, conveying, delivering, assuring and confirming to Purchaser, its successors or assigns, or for aiding and assisting in collecting or reducing to possession, any or all of the Tangible Assets.

THE PROPERTY CONVEYED HEREUNDER IS CONVEYED BY SELLERS AND ACCEPTED BY PURCHASER AS IS, WHERE IS, AND WITHOUT ANY WARRANTIES OF ANY NATURE WHATSOEVER, EXPRESS OR IMPLIED, IT BEING THE INTENTION OF SELLERS AND PURCHASER EXPRESSLY TO NEGATE AND EXCLUDE ALL WARRANTIES, INCLUDING, WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE, WARRANTIES CREATED BY ANY AFFIRMATION OF FACT OR PROMISE OR BY ANY DESCRIPTION OF THE PROPERTY CONVEYED HEREUNDER, OR BY ANY SAMPLE OR MODEL THEREOF, AND ALL OTHER WARRANTIES WHATSOEVER CONTAINED IN OR CREATED BY THE DELAWARE UNIFORM COMMERCIAL CODE.

This Bill of Sale may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

This Bill of Sale is executed pursuant to the Agreement and is entitled to the benefits and subject to the provisions thereof and shall bind and inure to the benefit of the parties and their respective successors and assigns. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Agreement.

# FIRST USA.
A BANK ONE COMPANY

August 04, 2003

Log in | Help Center | Contact Us | Privacy Policy | Terms of Use

**Home**  Your Accounts   Explore CardMember Services

Log In
User ID:

Password:

   Login Help
Forgot User ID/Password?
Security Help

**Enroll**
Our site is easy to use and gives you FREE access to your accounts. See for yourself.
Run the demo.



Apply for a Credit Card

Apply for a Business Credit Card

Apply for a Financial Institution Credit Card

Bank One Bill Manager[SM]

Premium Alerts[SM]

Verified by Visa

Protect Yourself from Identity Theft

Personal Financial Services

Business Financial Services

Student Credit Survival

Campus Recruiting

Keep it simple. 

**Card**Member
s e r v i c e s

**Point. Click. Transfer.**
It's that easy! Managing your account online puts you in charge.
Enroll now.

**It Makes Sense**
Start saving now by transferring high-rate balances to our card.
Transfer now.

**Running Late...**
No problem. Save the stamp and Make your payments online right now.

**Find your card today.**
Earn rewards. Get low rates. Or support your favorite organization.
Choose your card now.

 **The credit card that's right for you**
We have more than 100 cards. Earn rewards. Get low rates. Or support your favorite organization.
Find your card now.

© 2003 FIRST USA


EXHIBIT C

**For the Year Ended December 31, 2000**

BANK ONE CORPORATION | ANNUAL REPORT FORM 10-K



EXHIBIT D

# BANK ONE CORPORATION

## Index To Financial Review

| | Page |
|---|---|
| Selected Financial Data | 2 |
| Description of Business | 3 |
| Business Segments | 3 |
|     Description of Methodology | 4 |
| Business Segment Results and Other Data | 4 |
|     Retail | 4 |
|     Commercial Banking | 6 |
|     First USA | 8 |
|     Investment Management | 10 |
|     Corporate Investments | 12 |
|     Corporate/Unallocated | 13 |
|     Significant Items | 15 |
| Consolidated Results | 16 |
|     Summary of Financial Results | 16 |
|     Net Interest Income | 16 |
|     Noninterest Income | 17 |
|     Noninterest Expense | 19 |
|     Applicable Income Taxes | 20 |
| Risk Management | 20 |
| Risk Management Policy and Structure | 20 |
| Liquidity Risk Management | 21 |
| Market Risk Management | 23 |
| Credit Risk Management | 26 |
| Operating Risk Management | 27 |
| Credit Portfolio Composition | 28 |
| Asset Quality | 32 |
| Derivative Financial Instruments | 38 |
| Loan Securitizations | 41 |
| Capital Management | 43 |
|     Economic Capital | 44 |
|     Regulatory Capital Requirements | 44 |
|     Selected Capital Ratios | 46 |
|     Dividend Policy | 46 |
|     Double Leverage | 47 |
|     Stock Repurchase Program and Other Capital Activities | 47 |
| Consolidated Financial Statements | 48 |
| Notes to Consolidated Financial Statements | 52 |
| Report of Management | 90 |
| Report of Independent Public Accountants | 91 |
| Selected Statistical Information | 92 |

The following table sets forth the computation of basic and diluted earnings per share:

| (In millions, except per share data) | Year Ended December 31 | | |
|---|---|---|---|
| | 2000 | 1999 | 1998 |
| **Basic:** | | | |
| Net income (loss) | **$ (511)** | $3,479 | $3,108 |
| Preferred stock dividends | **(12)** | (12) | (14) |
| Net income (loss) attributable to common stockholders' equity | **$ (523)** | $3,467 | $3,094 |
| **Diluted:** | | | |
| Net income (loss) | **$ (511)** | $3,479 | $3,108 |
| Interest on convertible debentures, net of tax (1) | — | 6 | 7 |
| Preferred stock dividends | **(12)** | (12) | (12) |
| Diluted income (loss) available to common stockholders (1) | **$ (523)** | $3,473 | $3,103 |
| Average shares outstanding | **1,154** | 1,168 | 1,170 |
| **Dilutive shares:** | | | |
| Stock options (1) | — | 6 | 12 |
| Convertible preferred stock | — | — | 1 |
| Convertible debentures (1) | — | 4 | 4 |
| Employee stock purchase plans | — | — | 2 |
| Average shares outstanding, assuming full dilution | **1,154** | 1,178 | 1,189 |
| **Earnings (loss) per share:** | | | |
| Basic | **$(0.45)** | $ 2.97 | $ 2.65 |
| Diluted (1) | **$(0.45)** | $ 2.95 | $ 2.61 |

(1) Common equivalent shares and related income have been excluded from the computation of diluted loss per share for the year ended December 31, 2000, as the effect would be antidilutive.

### NOTE 3—Mergers and Acquisitions

On October 2, 1998, Banc One Corporation ("Banc One") and First Chicago NBD Corporation ("FCN") were each merged into the Corporation, which was a wholly owned subsidiary of Banc One formed in 1998 to effect the Merger. Each share of Banc One common stock was converted into one share of the Corporation's common stock. Each share of FCN common stock was converted into the right to receive 1.62 shares of the Corporation's common stock. In aggregate, 291 million shares of FCN were converted into 471 million shares of the Corporation's common stock. Each share of preferred stock of FCN outstanding immediately prior to the Merger was converted into one share of a series of corresponding preferred stock of the Corporation with substantially the same terms. The transaction was accounted for as a pooling of interests.

On September 30, 1998, the Corporation purchased the credit card operation of Chevy Chase Bank, FSB. The portfolio included $4.8 billion in managed credit card loans and 2.8 million Visa® and Master Card® credit card accounts. At the purchase date, a credit card account premium of $291 million was recognized on the balance sheet and is being amortized over seven years using the straight-line method. During 2000, the Corporation recognized an impairment loss associated with this purchased premium of $107 million.

On June 12, 1998, the Corporation completed its acquisition of First Commerce Corporation ("First Commerce") located in New Orleans, Louisiana, resulting in the issuance of approximately 56 million shares of the Corporation's common stock valued at $3.5 billion for all the outstanding shares of First Commerce common stock, in a tax-free exchange. Each share of First Commerce common stock was exchanged for 1.408 shares of the Corporation's common stock. First Commerce was a multi-bank holding company with total assets of approximately $9.3 billion and stockholders' equity of approximately $805 million at June 12, 1998. The acquisition was accounted for as a pooling of interests.

57

# Form 7004
(Rev. July 1998)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Corporation Income Tax Return

OMB No. 1545-0233

**Name of corporation:** BANK ONE CORPORATION & AFFILIATED CORPORATIONS

**Employer identification number:** 31-0738296

**Number, street, and room or suite no.** (If a P.O. box or outside the United States, see instructions.)
1 BANK ONE PLAZA, SUITE 0308

**City or town, state, and ZIP code:** CHICAGO, IL 60670

**Check type of return to be filed:**

- [x] Form 1120
- [ ] Form 1120-A
- [ ] Form 1120-F
- [ ] Form 1120-FSC
- [ ] Form 1120-H
- [ ] Form 1120-L
- [ ] Form 1120-ND
- [ ] Form 1120-PC
- [ ] Form 1120-POL
- [ ] Form 1120-REIT
- [ ] Form 1120-RIC
- [ ] Form 1120S
- [ ] Form 1120-SF
- [ ] Form 990-C
- [ ] Form 990-T

Note: Other 990 filers (i.e., Form 990, 990-EZ, 990-BL, 990-PF, and certain filers of Form 990-T (see instructions)) must use form 2758 to request an extension of time to file.

Form 1120-F filers: Check here if you do not have an office or place of business in the United States ▶ [ ]

**1a** I request an automatic 6-month (or, for certain corporations, 3-month) extension of time until SEPTEMBER 15, 2000, to file the income tax return of the corporation named above for ▶ [x] calendar year _____ or ▶ [ ] tax year beginning _____, and ending _____

**b** If this tax year is for less than 12 months, check reason:
- [ ] Initial return
- [ ] Final return
- [ ] Change in accounting period
- [ ] Consolidated return to be filed

**2** If this application also covers subsidiaries to be included in a consolidated return, complete the following:

| Name and address of each member of the affiliated group | Employer identification number | Tax period |
|---|---|---|
| SEE ATTACHED | | |

RECEIVED MAR 14 2000

| | | |
|---|---|---|
| 3 | Tentative tax (see instructions) | 837,686,579 |
| 4 | Credits: | |
| a | Overpayment credit from prior year .... **4a** 190,686,579.00 | |
| b | Estimated tax payments for the tax year .... **4b** 647,000,000.00 | |
| c | Less refund for the tax year applied for on Form 4466 .... **4c** ( ) Bal ▶ **4d** 837,686,579.00 | |
| e | Credit for tax paid on undistributed capital gains (Form 2439) .... **4e** | |
| f | Credit for Federal tax on fuels (Form 4136) .... **4f** | |
| 5 | Total. Add lines 4d through 4f .... **5** | 837,686,579.00 |
| 6 | Balance due. Subtract line 5 from line 3. Deposit this amount electronically or with a Federal Tax Deposit (FTD) Coupon (see instructions) .... **6** | 0.00 |

Signature. — Under penalties of perjury, I declare that I have been authorized by the above-named corporation to make this application, and to the best of my knowledge and belief the statements made are true, correct and complete.

_(Signature of officer or agent)_   ASSISTANT TREASURER (Title)   3/13/00 (Date)

For Paperwork Reduction Act Notice, see Instructions.
ISA
STF FED6332F

Form **7004** (Rev. 7-98)

**EXHIBIT E**

BANK ONE CORPORATION & AFFILIATED CORPORATIONS
FOR THE YEAR ENDED 12-31-99
Attachment to:
F7004: Application for Automatic Extension of Time
To File Corporation Income Tax Return

| CORPORATION NAME | EIN# |
|---|---|
| Banc One Wisconsin Leasing Corporation | 39-1163439 |
| Bank One (Mexico), SA | 98-0168634 |
| Bank One AZ Invstmnt Serv | 86-0540799 |
| Bank One Building Inc. | 86-6020113 |
| Bank One Canada | 98-0054857 |
| BANK ONE CORPORATION | 31-0738296 |
| Bank One Delaware, Inc. | 51-0372266 |
| Bank One Exchange Corporation | 36-2917904 |
| Bank One International Corporation | 36-3097828 |
| Bank One International Holdings Corporation | 36-6033829 |
| Bank One Kentucky Leasing Corporation | 13-2693760 |
| Bank One Kentucky Veh Lea | 61-1175892 |
| Bank One Louisiana NA Pur | |
| Bank One West Vir | 55-0170700 |
| Bank One, Arizona, NA | 86-0064160 |
| Bank One, Colorado, National Association | 84-0526249 |
| Bank One, Dearborn, National Association | 38-2041568 |
| Bank One, Florida [ fka NBD Bank (Venice, FL) ] | 38-2835658 |
| Bank One, Illinois, National Association | 37-0528000 |
| Bank One, Indiana, NA | 35-0943060 |
| Bank One, Indiana, NA (fka NBD Bank (Elkhart, IN) | 35-0630850 |
| Bank One, Indiana, National Association (merger of IN & Elk) | 35-0410630 |
| Bank One, Kentucky, National Association | 61-0985455 |
| Bank One, Louisiana, National Association | 72-0279635 |
| Bank One, Michigan [ fka NBD Bank (Detroit, MI) ] | 38-0864715 |
| Bank One, National Association (Chicago) [fka FNBC] | 36-0899825 |
| Bank One, National Association (Ohio) | 31-4148768 |
| Bank One, Oklahoma, National Association | 73-0777610 |
| Bank One, Texas, National Association | 75-2270994 |
| Bank One, Trust Company, National Association | 31-0838515 |
| Bank One, Utah, National Association | 87-0208591 |
| Bank One, West Virginia, National Association | 55-0170700 |
| Bank One, Wheeling-Steubenville, National Association | 34-1501015 |
| Bank One, Wisconsin | 39-0281150 |
| BD Two, Inc. | 36-3721369 |
| BIL International Holdings, Inc. | 35-1864904 |
| BOA-Leveraged Leasing | |
| BOAZ IHC, Inc. AZ | 88-0400150 |
| BOC Realty, Inc. | 31-1366485 |
| BOCC Funding Corp | 31-1325020 |
| BOCP Holdings Corporaiton | 31-1384400 |
| BOI Leasing Corporation | 35-1951611 |

```
98-28688        2
  BLVD HOME FURNISHINGS                                                      60.02
                                                                             6047BK

98-28812        2
                       RECEIPTED  6047BK    12/09/02       426.13
  CHEVY CHASE BANK                                                          426.13   ✓CK
                                                                             6047BK

98-29004        2
                       RECEIPTED  6047BK    11/15/01        91.92
                       RECEIPTED  6047BK    01/16/02        91.91
                       RECEIPTED  6047BK    02/15/02       187.99
  WORKERS COMPENSATION FUND                                                  91.92
                                                                             6047BK
  WORKERS COMPENSATION FUND                                                  91.91
                                                                             6047BK
  WORKERS COMPENSATION FUND                                                 187.99
                                                                             6047BK

98-29117        2
                       RECEIPTED  6047BK    10/11/02       891.25
  SEAFIRST BANK                                                             891.25   ✓CK
                                                                             6047BK

98-29271        2
                       RECEIPTED  6047BK    08/12/03       233.76
  LEVITZ                                                                    233.76
                                                                             6047BK

98-29281        2
                       RECEIPTED  6047BK    07/09/03       125.81
  WASHINGTON MUTUAL                                                         125.81
                                                                             6047BK

98-29286        2
                       RECEIPTED  6047BK    06/17/03        60.92
  DR. SUSAN SANDERSON                                                        60.92
                                                                             6047BK

98-29580        2
                       RECEIPTED  6047BK    11/07/02     1,558.93
  SEARS                                                                   1,558.93
                                                                             6047BK

98-29807        2
                       RECEIPTED  6047BK    12/12/01        34.43
                       RECEIPTED  6047BK    01/16/02        47.11
  WCI FINANCIAL                                                              34.43
                                                                             6047BK
  WCI FINANCIAL                                                              47.11
                                                                             6047BK

98-29852        2
                       RECEIPTED  6047BK    01/08/02       360.48
  AHMAD ALSHEMARY                                                           360.48
                                                                             6047BK

98-29872        2
                       RECEIPTED  6047BK    06/17/03       127.44
  WESTERN FINANCIAL                                                         127.44
                                                                             6047BK

98-29959        2
                       RECEIPTED  6047BK    01/05/00        91.53
  LISA J LANPHEAR                                                            91.53
                                                                             6047BK

98-30111        2
                       RECEIPTED  6047BK    04/30/01        54.87
```